IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

KEITH DAVID TONEY,

    Petitioner,

v.                                                     Civil Action No. 3:25CV77

CHADWICK S. DOTSON,

    Respondent.

## MEMORANDUM OPINION

Keith David Toney ("Petitioner"), a former Virginia state prisoner proceeding *pro se*, filed this petition pursuant to 28 U.S.C. § 2254 ("§ 2254 Petition," ECF No. 3).[1] Petitioner asserted that he was entitled to relief on the following grounds:

| | |
|---|---|
| Claim One | "Cruel & Unusual Punishment. I was sentenced to 3 years for a violation of probation on an underlined charge of petty larceny 3rd or subsequent. My sentencing guidelines were 0-6 months." (ECF No. 3, at 5.) |
| Claim Two | "Serving additional six months. On 6-22-23, [I] came into jail custody. On 8-31-23, [I] was sentenced to 12 months with 6 months suspended for petty larceny. This sentence was complete on 9-22-23. Dept. of Corrections legal update sheet still reflects a 6-month sentence still yet to serve. My release date is suppose[d] to be 6 months earlier." (ECF No. 3, at 7.) |
| Claim Three | "Lack of ADA accommodations and proper medical treatment." (ECF No. 3, at 8.) |
| Claim Four | "Failure to comply with the Americans with Disabilities Act & discrimination." (ECF No. 3, at 10.) |

By Memorandum Order entered on October 16, 2025, the Court dismissed Claims Three and Four because they were not the proper subject for a petition for a writ of habeas corpus.

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the spelling, capitalization, and punctuation in the quotations from the parties' submissions.

(ECF No. 18, at 2.) The Court directed Respondent to file a renewed motion to dismiss with respect to Claims One and Two. (ECF No. 18, at 2.)

Respondent has now moved to dismiss Claim One on the ground that it is barred by the relevant statute of limitations and Claim Two on the ground that it is moot. Petitioner has responded. (ECF No. 22.) For the reasons set forth below, the Motion to Dismiss (ECF No. 19) will be GRANTED.

## I. Procedural History

On August 31, 2023, the Arlington General District Court sentenced Petitioner to twelve months of imprisonment, with six months suspended for the crime of petit larceny ("Petit Larceny Sentence"). (ECF No. 12, at 1.)

On September 29, 2023, the Circuit Court for the County of Arlington revoked a previously suspended sentence for Larceny, Third or Subsequent Conviction in Case No. CR21-303-03 and imposed four (4) years, eight (8) months, and fourteen (14) days with one (1) year, eight (8) months, and fourteen (14) days suspended for a total active sentence of three (3) years ("Circuit Court Sentence") to run consecutively to his Petit Larceny Sentence. (ECF No. 12, at 1.)

On October 31, 2023, Petitioner, through counsel, filed a Motion to Reconsider the Circuit Court Sentence. (ECF No. 12-5, at 16.) On November 6, 2023, the Motion to Reconsider was denied. (ECF No. 12-4, at 50.)

Petitioner did not appeal or file a state petition for a writ of habeas corpus.

On January 22, 2025, Petition filed his initial petition for a writ of habeas corpus. (ECF No. 1, at 8.)[2]

On October 6, 2025, Petitioner was released from the custody of the Virginia Department of Corrections. (ECF No. 20-1, at 1.) Petitioner "was released to the community having fully satisfied his term of confinement with no post-release supervision obligations." (ECF No. 20-1, at 1–2.)

## II. Claim Two Is Moot

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). No case or controversy exists unless the petitioner has suffered an actual injury that can "be redressed by a favorable judicial decision." *Spencer*, 523 U.S. at 7 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990)). In Claim Two, Petitioner contends that his sentences have been incorrectly calculated. Petitioner has fully served his sentences and has been released from incarceration. Accordingly, Claim Two will be DISMISSED AS MOOT.

## III. Statute of Limitations

Section 101 of the Antiterrorism and Effective Death Penalty Act ("AEDPA") amended 28 U.S.C. § 2244 to establish a one-year period of limitation for the filing of a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Specifically, 28 U.S.C. § 2244(d) now reads:

> 1. A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

---

[2] This is the date that Petitioner placed his initial petition for a writ of habeas corpus in the prison mail system. The Court deems the action filed as of the date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988).

3

| | |
|---|---|
| **(A)** | the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; |
| **(B)** | the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; |
| **(C)** | the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or |
| **(D)** | the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. |

2. The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### A. Commencement and Running of the Statute of Limitations

Petitioner's conviction became final on Monday, October 30, 2023, when the time to note an appeal expired. *See Hill v. Braxton*, 277 F.3d 701, 704 (4th Cir. 2002) ("[T]he one-year limitation period begins running when direct review of the state conviction is completed or when the time for seeking direct review has expired . . . ." (citing 28 U.S.C. § 2244(d)(1)(A))); Va. Sup. Ct. R. 5A:6(a) (requiring notice of appeal to be filed within thirty days of final judgment).

Before the limitation period could run, Petitioner filed a Motion to Reconsider, which tolled the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). The limitation period remained tolled until the Circuit Court denied that motion on November 6, 2023. The limitation period began running on the next day and expired one year later on Wednesday, November 6, 2024. Because Petitioner failed to file this action by that date, Claim One is barred by the statute of limitations unless Petitioner demonstrates a basis avoiding the statute of limitations.

4

In his § 2254 Petition, Petitioner suggests that despite the one-year statute of limitations, this action is timely because:

> I do not have access to previous attorneys. [I] have wrote them several times, but received no response. I am filing this myself and somewhat illiterate to the ian [sic] & filing certain motions. I feel that the Circuit Court sentence I received was a cruel and unusual punishment. Also, I'm serving 6 months more than what I'm suppose[d] to serve. I have been dealing with some health issues that has prohibited me from taking action earlier. I also have a lack of family support for assistance.

(ECF No. 3, at 14.)

Petitions under 28 U.S.C. § 2254 are subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645–46 (2010). The Supreme Court has "made clear that a 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). An inmate asserting equitable tolling "bears a strong burden to show specific facts" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). To make the requisite showing of diligence, the petitioner "must allege *with specificity* the steps he took to diligently pursue his federal claims." *Id.* at 929–30 (10th Cir. 2008) (emphasis added). Petitioner fails to demonstrate his problems with his former attorneys, his poor health, or the fact that he had to proceed *pro se* constitute extraordinary circumstances or that he has been pursuing his rights diligently. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) (observing that "ignorance of the law is not a basis for equitable tolling"). "Simply put, [Petitioner] fails to demonstrate some external impediment, rather than his own lack of diligence, prevented him from filing a habeas petition in a timely

5

fashion." *O'Neill v. Dir., Va. Dep't of Corr.*, No. 3:10CV157, 2011 WL 3489624, at *6 (E.D. Va. Aug. 9, 2011). Claim One will be DISMISSED.

### IV. Conclusion

Respondent's Motion to Dismiss (ECF No. 19) will be GRANTED. Petitioner's claims will be DISMISSED. Petitioner's § 2254 Petition will be DENIED. The action will be DISMISSED. A certificate of appealability will be DENIED.

An appropriate Order will accompany this Memorandum Opinion.

It is so ORDERED.

Date: 1/21/26
Richmond, Virginia

/s/
M. Hannah Lauck
Chief United States District Judge